UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT GREENEVILLE

| UNITED STATES OF AMERICA | ) | |
|---|---|---|
| | ) | |
| V. | ) | No. 2:10-CR-95 |
| | ) | |
| FRANCISCO MARTIN | ) | |

## REPORT AND RECOMMENDATION

Mr. Martin has chosen to represent himself, notwithstanding the repeated suggestions by both the magistrate and district judges of this court that he is making a serious mistake in so doing. Unfortunately, the pretrial motions he has filed aptly illustrate the seriousness of his mistake. But, he has both a constitutional and statutory right to represent himself, even if the exercise of that right is detrimental to his case. *Faretta v. California*, 422 U.S. 806 (1975); 28 U.S.C. § 1654.

Defendant's "Notice of Motion and Motion to Construe and Determine the Constitutionality of Law and Statute," (Doc. 39), asks that "the court (judge and jury)" [sic], construe and determine the constitutionality of "[t]he statutes which the United States Government are using to incarcerate the defendant . . . ." This motion has been referred to the United States Magistrate Judge under the standing orders of this Court and pursuant to 28 U.S.C. § 636(b). A hearing was held on February 15, 2011.

Read literally, defendant's motion seems to attack the constitutionality of the statute under which he is being detained pending his trial, 18 U.S.C. § 3141, *et. seq.*, but it is at least possible that he is also attacking the constitutionality of the statutes under which he is being

prosecuted, 18 U.S.C. § 2252(A).

In support of his motion, he refers to Article III, Section 2 of the Constitution, which provides that all crimes shall be tried by a jury. That, of course, is true enough, and it is utterly irrelevant to defendant's motion. Suffice it to say, his case *will* be tried by a jury.

He then makes an argument which, with all due respect, is incomprehensible. He says that the "individual (the defendant?) and government employees (?) cannot plea or accept a plea of guilty, stand mute, and/or no contest." He then recites that "an individual plea of innocent is prohibited," a statement which is impossible to rationally interpret. The statement he read at the hearing did not make clear the thrust of this argument.

Defendant then refers to the Ninth Amendment to the Constitution which has no application to any issue in this case.

Defendant quotes Amendment 10 to the Constitution, which of course provides that all powers not delegated to the United States by the Constitution are reserved to the individual states or to the people. If by this argument defendant is intending to suggest that Congress exceeded its authority by federally criminalizing the possession and dissemination of child pornography, he is mistaken; that issue has been settled. *See, e.g., United States v. Chambers*, 441 F.3d 438 (6th Cir. 2006); *United States v. Maxwell*, 446 F.3d 1210 (11th Cir. 2006); *United States v. Sullivan*, 451 F.3d 884 (D.C. Cir. 2006); *United States v. Blum*, 534 F.3d 608 (7th Cir. 2008); *United States v. McCalla*, 545 F.3d 750 (9th Cir. 2008); *United States v. Butcher*, 534 F.3d 820 (8th Cir. 2008).

He then quotes the Sixth Amendment to the Constitution which again guarantees him

a right to a jury trial (which he will receive); the right to a speedy and public trial (which he will receive); a trial in the district in which the alleged crime was committed (which he will receive); to be informed of the charges against him (which has occurred on multiple occasions); to be confronted with the witnesses against him (which will occur at his trial); to have compulsory process for obtaining witnesses in his favor (which he will receive, upon his request); and to have the assistance of counsel for his defense (which he has disdained).

He then argues that Article IV, Section 4 of the Constitution provides that this nation is to have a republican form of government (which it does). He also argues that our republican form of government "constitutes a separation of legislative powers, the executive powers and the judicial powers." That, of course, is true enough, but it is also utterly irrelevant to this prosecution.

He next argues that a "legislative judge" violates the republican form of government, referring to Article III, Section 1, and Article I, Section 8, paragraph 9 of the Constitution. The thrust of defendant's argument in this regard is not completely understood, but apparently he is arguing that the Constitution is unconstitutional. Suffice it to say, the judges of the United States Courts, including the judges of the District Court of the Eastern District of Tennessee, have been, and will continue to be, appointed in conformance with the Constitution.

Defendant next refers to the First Amendment, which prohibits the Congress from enacting any law that establishes a religion, or prohibits the free exercise of a religion; or which limits freedom of speech, or the press; or limits the right of the people to peaceably

3

assemble and to petition the Government for a redress of grievances. If the point of this particular argument is that defendant has a First Amendment right to possess child pornography, he is mistaken; *see, New York v. Ferber*, 458 U.S. 747 (1982); *Connection Distributing Co. v. Reno*, 154 F.3d 281 (6th Cir. 1998). Or, if his motion can be read as attacking the constitutionality of the statute under which he is being detained pending his trial, 18 U.S.C. § 3142(e)(2)(E), he likewise is mistaken, *see, e.g., Bell v. Wolfish*, 441 U.S. 520 (1979); *United States v. Salerno*, 481 U.S. 739 (1987); *Rosales-Garcia v. Holland*, 238 F.3d 704 (6th Cir. 2001).

Therefore, it is respectfully recommended that defendant's motion, (Doc. 39), be denied.[1]

Respectfully submitted,

                s/ Dennis H. Inman
                United States Magistrate Judge

---

[1] Any objections to this report and recommendation must be filed within fourteen (14) days of its service or further appeal will be waived. 28 U.S.C. 636(b)(1).