UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT GREENEVILLE

UNITED STATES OF AMERICA )
)
V. ) No. 2:10-CR-95
)
FRANCISCO MARTIN )

## REPORT AND RECOMMENDATION

Defendant has filed a motion to suppress evidence seized from his residence pursuant to a search warrant issued by this court. (Doc. 33). A hearing was held on February 15, 2011. This motion has been referred to the magistrate judge pursuant to the standing order of this Court and 28 U.S.C. § 636.

The search warrant for defendant's house was issued by this court on August 27, 2010. It is filed as Document 62-3.

Defendant's motion attacks the search warrant on the basis that it violates the "particularity clause" of the Fourth Amendment: "[N]o Warrants shall issue, but upon probable cause, supported by Oath or affirmation, and particularly describing the place to be searched, and the persons or things to be seized." He argues that because the warrant contains the words and phrases "such as," and "but not limited to," it violates the particularity requirement. He specifically refers to paragraph 1(a) of Attachment B, which describes to the executing officer the items that are to be seized, which reads as follows:

> a. Computer hardware consists of all equipment which can collect, analyze, create, display, convert, store, conceal, or transmit electronic, magnetic, optical, or similar computer impulses to data. Hardware includes (but is not limited to) any data-processing devices (such as central processing unit,

memory typewriters, and self-contained "laptop" or "notebook" computer); internal and peripheral storage devices (such as fixed disks, external hard disks, floppy disk devices and diskettes, tape drives and tapes, optical storage devices; transistor - like binary devices, and other memory storage devices); periperhal input-output devices (such as keyboards, printers, scanners, plotters, video display minitors, and optical readers); and related communication devices (such as modems, cables, and acoustic couplers, automatic dialers, programmable telephone dialing or signaling devices, and electronic tone-generating devices); as well as any devices, mechanisms, or parts that can be used to restrict access to computer hardware (such as physical keys and locks).

Similarly, he refers to paragraph 9 of Attachment B, which reads as follows:

9. Electronic writings including but not limited to diaries, ledgers, lettes, or other correspondence which includes sexual content.

Defendant makes no argument that the warrant did not particularly describe the place to be searched, *viz.*, his residence at 1136 North Highway 92 in Jefferson City, Tennessee. Rather, he is arguing that the warrant did not particularly describe the things to be seized because of the use of the words "but is not limited to" in paragraph 1(a) of Attachment B, and the words "but not limited to" in paragraph 9 of Attachment B.

As applied to the things to be seized, the particularity requirement is intended to prevent "the seizure of one thing under a warrant describing another." *Marron v. United States*, 275 U.S. 192, 196 (1927). However, the degree of specificity required for a warrant must be flexible, depending upon the type of items to be seized and the crime involved. *See, United States v. Henson*, 848 F.2d 1374, 1383 (6th Cir. 1988). Paragraph 1(a) of Attachment B undertakes to describe to the executing officer what the court intended by its directive to seize "computer hardware." It did so by supplying specific examples of computer hardware. The words "but not limited to" conveyed to the executing officer that he was to consider the

listing of specific items that followed as examples of computer hardware, not as a limitation on what could be seized.  The words certainly did not convert the warrant into a general warrant.

By the same token, in paragraph 9 of Attachment B, the court undertook to describe "electronic correspondence" by providing several examples, but again made it clear that those examples did not constitute a limit on the items to be seized.

The use of the words "but not limited to" did not in any way convert this warrant to a general warrant that allowed the executing officer to haphazardly rummage through defendant's effects without any guidance at all.  *See, United States v. Gardiner*, 463 F.3d 445, 471 (6th Cir. 2006); *United States v. Lengen*, 2007 WL 1748159 (6th Cir. 2007).

One cannot help but notice that defendant does not point to any specific item that was seized which he claims to be outside the definition of "computer hardware," or "electronic writings . . . which includes sexual content."

It is respectfully recommended that defendant's motion to suppress, (Doc. 33), be denied.[1]

Respectfully submitted,

s/ Dennis H. Inman
United States Magistrate Judge

---

[1]Any objections to this report and recommendation must be filed within fourteen (l4) days of its service or further appeal will be waived.  28 U.S.C. 636(b)(1).